## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Michelle Kyles,

                    Petitioner,

Civ. No. 15-0142 (MJD/BRT)

v.

United States of America,

**REPORT AND
RECOMMENDATION**

                    Respondent.

BECKY R. THORSON, United States Magistrate Judge.

Michelle Kyles, a federal prisoner currently confined at the Federal Correctional Institution in Waseca, Minnesota, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which she seeks to invoke under the savings clause of 28 U.S.C. § 2255(e). (Doc. No. 1, Petition; *see* Doc. No. 2, Mem. in Supp. of Pet. at 3.) In October 2006, Kyles pleaded guilty in the Southern District of Texas to possessing a firearm as a convicted felon (Count 1), possession with intent to distribute at least 50 grams of cocaine base (Count 2), possession with intent to distribute less than 50 kilograms of marijuana (Count 3), and possession of a firearm in furtherance of a drug trafficking offense (Count 4). *See United States v. Kyles*, No. 4:05-cr-00457 (S.D. Tex.). She was ultimately sentenced to a total of 285 months imprisonment — concurrent terms of 120 months, 225 months, and 120 months on Counts 1, 2, and 3, respectively, with a consecutive 60-month sentence on Count 4. *See id.*, Doc. No. 91. The Fifth Circuit Court of Appeals affirmed Kyles' convictions and total sentence in December 2008, *see United*

*States v. Kyles*, 304 F. App'x 268 (5th Cir. 2008), after which she filed three motions to vacate her sentence pursuant to § 2255. The first was summarily denied; the second and third were dismissed as impermissibly successive. *See Kyles*, No. 4:05-cr-00457, Doc. Nos. 95, 111, 117–19; 28 U.S.C. § 2255(h) (barring successive § 2255 motions unless they are based on newly discovered evidence of innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court").

Kyles now seeks to vacate her federal sentences under § 2241, pursuant to the savings clause of § 2255(e).[1] (*See* Doc. No. 2 at 3.) Liberally construed, Kyles' petition asserts two principal challenges to the sentences she received on her four counts of conviction. First, Kyles contends that her sentences on Counts 2 and 3 for possession with intent to distribute cocaine base and marijuana were improperly enhanced based on her prior state felony conviction for possession of a controlled substance. (*Id.* at 4–5, 12); *see* 21 U.S.C. § 841(b)(1)(A), (D) (2008) (increasing the mandatory minimum sentence for a federal drug violation involving at least 50 grams of cocaine base, and increasing the maximum possible sentence for a marijuana offense involving less than 50 kilograms, where the defendant has a "prior conviction for a felony drug offense"). Second, Kyles claims that the separate sentences she received for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of

---

[1]     Although Kyles filed her § 2241 petition in the Southern District of Texas, the petition was transferred to this Court because Kyles is currently incarcerated in Minnesota. (*See* Doc. No. 5); *United States v. Chacon-Vega*, 262 F. App'x 730, 731 (8th Cir. 2008) (explaining that a § 2241 petition "must be filed in the district where the petitioner is incarcerated").

a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), constitute

impermissible "double counting."[2] (Doc. No. 2 at 7–12.) For the reasons set forth below,

and pursuant to Rule 4 of the Rules Governing 2254 Cases,[3] this Court respectfully

recommends that Kyles' § 2241 petition be summarily dismissed for lack of jurisdiction.

## I.  ANALYSIS

A federal prisoner seeking to collaterally attack her conviction or sentence

ordinarily must do so in a § 2255 motion to vacate filed in the sentencing court. *See Hill*

*v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Under § 2255's "savings clause,"

however, a prisoner may challenge her sentence or conviction in a § 2241 habeas petition

if she can affirmatively demonstrate that a § 2255 motion is "inadequate or ineffective to

test the legality of [her] detention." 28 U.S.C. § 2255(e); *see also DeSimone v. Lacy*, 805

F.2d 321, 323 (8th Cir. 1986). Absent that showing, a district court lacks jurisdiction to

consider the merits of a § 2241 petition challenging the validity of a conviction or

sentence. *DeSimone*, 805 F.2d at 323.

---

[2]  At points in her habeas petition, Kyles also appears to argue that she received ineffective assistance of counsel both at sentencing and in connection with plea negotiations, and that the sentencing court incorrectly calculated her criminal history points under the federal sentencing guidelines. (Doc. No. 2 at 5, 12.) As explained below, however, Kyles cannot challenge her convictions or sentences in a § 2241 petition unless her claims rely on a retroactively applicable Supreme Court decision announcing a new rule of law. Kyles has not cited such a decision in connection with these arguments, nor has this Court found one, which means that this Court lacks jurisdiction to consider them.

[3]  Rule 4 requires preliminary review of a habeas petition and summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Although Kyles is seeking relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply to her petition. *See* Rule 1(b).

A § 2255 motion is not "inadequate or ineffective" merely because some procedural barrier to relief exists, such as the general bar on second or successive § 2255 motions. *See Hill*, 349 F.3d at 1092. Although the Supreme Court has not articulated a specific test for determining when the savings clause may properly be invoked, the circuit courts that have addressed the issue have adopted tests that share certain basic features. Those tests require a petitioner to show, at a bare minimum, that her claims are based on a retroactively applicable Supreme Court decision that has announced a new rule of law, one that was not available at the time of trial, direct appeal, or a first § 2255 motion. *See, e.g.*, *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). While the Eighth Circuit has not itself set forth a particular test regarding the savings clause, it has made clear that § 2255 cannot be deemed inadequate or ineffective where the new rule invoked by the petitioner does not apply retroactively on collateral review. *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002).

Neither of Kyles' two principal claims for relief is based on a retroactively applicable Supreme Court decision that announced a new rule of law. Kyles cites three sources of law in connection with her claim that her sentences on Counts 2 and 3 were improperly enhanced: (1) an October 2, 2014 memorandum from Attorney General Eric Holder, which purportedly instructs federal prosecutors not to file a 21 U.S.C. § 851 information seeking a sentencing enhancement "based on a defendant's criminal history merely to coerce a plea agreement"; (2) the Supreme Court's decision in *Descamps v.*

*United States*, — U.S. —, 133 S. Ct. 2276 (2013); and (3) circuit court decisions

allegedly holding that only prior federal convictions can be used to enhance a sentence

under the Controlled Substances Act. (Doc. No. 2 at 5–7, 12.) Only the Supreme Court's

decision in *Descamps*, however, can even remotely serve as a possible basis for invoking

§ 2255's savings clause. *See, e.g.*, *Williams*, 713 F.3d at 1343 (explaining that "for a

sentencing claim to pass muster under the savings clause" it must, at a minimum, "be

based upon a retroactively applicable Supreme Court decision"). But *Descamps* did not

announce a new of law that is retroactively applicable on collateral review. And the rule

that it did announce has no bearing on the enhanced penalty provisions applied to Kyles'

federal drug offenses under 21 U.S.C. § 841(b)(1).[4]

In *Descamps*, the Supreme Court addressed whether sentencing courts may

examine certain documents (*i.e.*, charging papers, plea agreements, and jury instructions)

to determine whether a prior conviction for a crime with a single, indivisible set of

---

[4]     The enhanced penalty provisions of § 841(b)(1)(A) and (D), as they existed at the
time of Kyles' sentencing and even today, apply whenever a defendant convicted of a
federal drug crime has had "a prior conviction for a felony drug offense," whether that
conviction was imposed under state or federal law. *See United States v. Rosenbohm*, 564
F.3d 820, 824 (7th Cir. 2009) (noting that § 841(b)(1)(A) "make[s] no distinction
between prior convictions under state and federal law"); *United States v. Fernandez*, 58
F.3d 593, 599 (11th Cir. 1995) ("Under § 841, a person who commits a federal drug
violation, after a prior conviction for another *state or federal drug offense* has become
final, is subject to an enhanced sentence.") (emphasis added). This Court notes that none
of the circuit court decisions cited by Kyles, even assuming that such decisions could
serve as a basis for invoking § 2255's savings clause, support the notion that only prior
federal convictions count for purposes of those particular penalty provisions.
*See United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011); *United States v. Medley*, 313
F.3d 745 (2d Cir. 2002); *United States v. Gates*, 807 F.2d 1075 (D.C. Cir. 1986). Indeed,
any such conclusion would be at odds with the plain language of § 841(b)(1), which
draws no distinction between prior felony drug convictions under state and federal law.

elements qualifies as "violent felony" under the enumerated-offenses clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). *Descamps*, — U.S. at —, 133 S. Ct. at 2281–82. The ACCA prescribes an increased mandatory minimum sentence of fifteen years imprisonment for convictions under § 922(g) — the felon-in-possession statute — where the defendant has three prior convictions for a serious drug offense or a violent felony, which includes any state or federal offense that "is burglary, arson, or extortion." 18 U.S.C. § 924(e). The Supreme Court clarified that, under its "prior decisions and the principles underlying them," courts must apply a "categorical approach" that compares "the elements of the statute forming the basis of the defendant's [prior] conviction with the elements of the 'generic' crime," and may only consult additional documents under a "modified categorical approach" when a defendant was convicted under a "divisible statute" that "sets out one or more elements of the offense in the alternative." *Descamps*, — U.S. at — , 133 S. Ct. at 2281–82; *see also id.* at —, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case.")

As numerous courts have recognized, the Supreme Court's decision in *Descamps* did not announce a new rule of law, let alone one that applies retroactively on collateral review. *See*, *e.g.*, *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014); *Beard v. Wilson*, No. 13-CV-3613, 2015 WL 627880, at *1, 8–9 (D. Minn. Feb. 10, 2015); *United States v. Chapman*, 21 F. Supp. 3d 839, 843–44 (S.D. Tex. 2014); *Barber v. English*, No. 5:14cv114, 2014 WL 7251596, at *3 (N.D. Fla. Dec. 18, 2014); *Jordan v. Butler*, No. 6:14-159-DCR,

2014 WL 6775239, at *3 (E.D. Ky. Dec. 2, 2014); *Lii v. Copenhaver*, No. 1:13-cv-01508,

2014 WL 6773841, at *5 (E.D. Cal. Dec. 1, 2014). Just as significantly, *Descamps*'

interpretation of the ACCA has no bearing on the enhanced penalty provisions that were

applied to Kyles' federal drug offenses. *See* 21 U.S.C. § 841(b)(1)(A), (D). In fact, Kyles

was not sentenced under the ACCA for her separate violation of § 922(g)(1); instead, she

received an unenhanced ten-year sentence for being a felon in possession of a firearm.

*See Kyles*, No. 4:05-cr-00457, Doc. No. 91; 18 U.S.C. § 924(a)(1) (providing that a

defendant who violates § 922(g) may be sentenced to a maximum term of ten years).

      In her second claim for relief, Kyles contends that her sentences for being a felon

in possession of a firearm, in violation of § 924(g)(1), and possessing a firearm in

furtherance of a drug trafficking crime, in violation of § 924(c)(1), constitute

impermissible "double counting." (Doc. No. 2 at 7.) Kyles does not, however, base her

claim on any Supreme Court decision, let alone one that retroactively changed the

pertinent law. (*Id.* at 8–12.) Instead, Kyles relies on the Seventh Circuit's recent decision

in *United States v. Cureton*, 739 F.3d 1032 (7th Cir. 2014), which is not sufficient to

satisfy § 2255's savings clause because it is not a Supreme Court decision. Moreover, the

Seventh Circuit's decision in *Cureton* does not actually support Kyles' claim, as it held

only that a defendant cannot twice be convicted under § 924(c)(1) "for the single use of a

single gun where the underlying predicate offenses involve the exact same conduct." 739

F.3d at 1043. By contrast, every circuit to consider the precise issue raised by Kyles has

held that separate sentences under § 922(g) and § 924(c)(1) do not constitute

impermissible double punishment because the two statutes require proof of different

elements and are designed to punish distinct types of conduct — § 922(g) seeks to keep guns out of the hands of convicted felons, while § 924(c)(1) seeks to prevent the use of firearms in connection with drug trafficking activity. *See United States v. Senegal*, 371 F. App'x 494, 508 (5th Cir. 2010); *United States v. Johnson*, 977 F.2d 1360, 1375 (10th Cir. 1992); *United States v. Lawrence*, 928 F.2d 36, 39 (2d Cir. 1991); *United States v. Garrett*, 903 F.2d 1105, 1115 (7th Cir. 1990); *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989).

Because none of Kyles' claims are based on a retroactively applicable Supreme Court decision announcing a new rule of law, this Court lacks jurisdiction to fully entertain her § 2241 petition pursuant to the savings clause of § 2255. Accordingly, this Court respectfully recommends that Kyles' petition be summarily dismissed without prejudice under Rule 4 of the Rules Governing Section 2254 Cases.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Kyles' § 2241 petition for a writ of habeas corpus (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Date: March 19, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 2, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3,500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.